UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THELMA CHEATON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-11-1777 |
| § | |
| JPMORGAN CHASE BANK, NATIONAL § | |
| ASSOCIATION, AS SUCCESSOR BY § | |
| MERGER TO CHASE HOME FINANCE § | |
| LLC, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Defendant JP Morgan Chase Bank, National Association's ("Chase") motion to dismiss Plaintiff Thelma Cheaton's original petition. Doc. 4. Cheaton filed her original petition in the 240th District Court for Fort Bend County on April 11, 2011 purporting to assert causes of action against Chase for declaratory judgment pursuant to the Texas Declaratory Judgment Act and a permanent injunction. Doc. 1-1 at 9. On May 10, Chase removed that case to this Court on the grounds of the Court's diversity jurisdiction (Doc. 1) and on May 16 Chase filed its motion to dismiss Cheaton's original petition because it "fails to state any plausible claim to relief and should be dismissed pursuant to Rule 12(b)(6)." Doc. 4.

Because neither the Texas Declaratory Judgment Act nor an appeal to the Court's equitable power to afford injunctive relief can form the basis of an independent cause of action, the Court grants Chase's motion to dismiss.

Background

As alleged in her original petition, Cheaton owns a piece of real property at 1204 Cambay Drive, Rosenberg, Texas, the parties' respective rights to which appears to be the basis for this

lawsuit. Doc. 1-1 at 10. On April 7, 2003, "a promissory note . . . was allegedly executed in favor of Hometrust Mortgage Company. . . . Contemporaneously, a deed of trust . . . was executed by power of attorney." *Id.* Plaintiff asserts that during this transaction, she "refinanced and thus paid off a loan held by Defendant Chase." *Id.* Nevertheless, it appears from Cheaton's petition that Chase continues to assert a right or interest in a note giving it a right to payment from Cheaton and a right to foreclose on Cheaton's property. *Id.* Cheaton contests the validity of Chase's interest in the note. *Id.*

Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

Analysis

In her original petition, Cheaton asserted only two causes of action against Defendant Chase. "Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, . . . [Cheaton requested a] declaratory judgment specifying Plaintiff's and Defendant's rights and duties in connection with the note." Doc. 1-1 at 12. Further, Cheaton sought "a permanent injunction requiring Defendant, or any person acting in concert with it . . . to desist and refrain from entering and taking possession of the Home or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Home; proceeding with or attempting to sell or foreclose on the Home; and, [sic] attempting to purchase, transfer, assign or collect on the Note." *Id.* at 13.

Chase moved to dismiss on both grounds and included a detailed analysis of why Cheaton failed to state a claim for "wrongful foreclosure." Doc. 4 at 4. Such a claim does not appear in Cheaton's petition and Plaintiff's response thereto indicates her fervent desire to bring a "cause of action under the [Texas Declaratory Judgment Act]." Doc. 5 at 4. Plaintiff also vehemently objects to her claim being characterized as one to try title to land. *Id.* at 8.

The Texas Declaratory Judgment Act, like the federal Declaratory Judgment Act, is remedial only and "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)(citing.*Exxon Corp. v. Burglin,* 4 F.3d 1294, 1302 (5th Cir. 1993)). Here, Cheaton has asserted no independent cause of action but seeks only a declaration of rights. Cheaton's purported cause of action under the TDJA is therefore dismissed.

Likewise, under Texas law, "[i]njunctive relief is simply a form of equitable remedy."

*Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D.Tex. 2010)(citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex.App. 2008). To sustain a claim for injunctive relief, a plaintiff first must plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Because Cheaton has not adequately pleaded any viable cause of action, her claim for a permanent injunction must be denied.

Conclusion

Fore the foregoing reasons, the Court hereby

**ORDERS** that Defendant JP Morgan Chase Bank, National Association's motion to dismiss Plaintiff Thelma Cheaton's original petition (Doc. 4) is **GRANTED** and this action is **DISMISSED** without prejudice.

SIGNED at Houston, Texas, this 1st day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE